## STEYER v. CURRAN ET AL.

1. **Practice in the Supreme Court**: EXCEPTIONS TO INSTRUCTIONS. When the defendant fails to except to the instructions of the court, relying upon a practice that all instructions given are regarded as excepted to, the practice should be stated in the abstract to be of avail to appellant.

2. **Evidence**: BOUNDARY LINE. In an action involving the determination of the division line between certain city lots where the plaintiff claimed under a conveyance which described the land conveyed by a fixed monument, the testimony of a surveyor who platted the land, as to the location of certain stakes set by him, was properly rejected.

*Appeal from Winneshiek District Court.*

MONDAY, JUNE 10.

ACTION to recover land. There was a verdict and judgment for plaintiff. Defendants appeal.

*L. Bullis,* for appellants.

*Brown & Wellington,* for appellee.

BECK, J.—I. The land in controversy is part of lots one and four, in block thirteen, in the town of Decorah, being two feet in width off of the west side of a strip twenty-two feet wide off of the east side of the west one-half of the lots named.

The controversy involves the determination of the division line between the part of the lots described and the adjacent property. The court gave the following and no other instruction to the jury:

"In this case both parties claim the title through the deed executed by William and Elizabeth Day to William Kimball, introduced in evidence, and under the recitals in said deed the lines of plaintiff's and defendants' lots must be determined by measurements, starting from a point six feet west of the north-west corner of the Decorah House, mentioned in said deed, as the same was located at the date of the said deed, and it is undisputed in the evidence that the present location of such corner is the same as it was at the date of the deed, and if you find from the evidence that, by measuring from a point six feet west of such corner, the west line of plaintiff's lots includes the premises in dispute, you will find for the plaintiff."

The defendants insist that the instruction is erroneous. We are relieved from the necessity of entering into an examination of the case in order to determine the point thus made. No exceptions were taken to the instruction in the court below, either at the time it was given, or upon a motion for a new trial, as prescribed by Code, § 2789.

Counsel for appellants claims that it is a practice in the court below to regard all instructions given as excepted to, 1. PRACTICE in supreme court: exceptions to instructions. and for this reason insists that we should pass upon the instruction in question. A difficulty with this position is that the fact stated in regard to the practice does not appear in the record. We cannot base our decision upon the statements of counsel. The instruction must be regarded as the unquestioned law of the case.

II. An objection is based upon a ruling set out in the abstract in the following language: "Plaintiff offered in evidence pages 304 and 305 of book "A" of town lots. Defendant objected to the same as irrelevant, immaterial, incompetent, inadmissible, and not the best evidence. Overruled, and defendant excepted." Counsel informs us the pages offered

contained the record of a plat. He insists that it was secondary evidence. Let this be admitted. But secondary evidence is admissible under some circumstances. The record does not show such circumstances did not accompany the offer. We are to presume in favor of the correctness of the court's ruling.

III. Testimony was offered by defendants to show the place of a certain stake set by a surveyor who had laid off and platted the town. It was rejected upon plaintiff's objection. We think the ruling correct, as the location of the land in controversy is to be determined by measurement from a monument called for in the conveyances constituting plaintiff's title. If the stake did not correspond with this fixed monument it would have no effect in determining the measurement. The testimony was, therefore, immaterial.

2. EVIDENCE: boundary line.

IV. Other rulings upon the admission of testimony are made the grounds of complaint. We have with great care and patience endeavored to discover the points in controversy, but are utterly unable to master the abstract so as to arrive at a clear and satisfactory understanding of the points and facts involved therein. The abstract is wanting in clearness to an extent we have never before witnessed. Little aid in understanding it is to be derived from the arguments. Counsel doubtless understand the case, having learned its mysteries upon trial in the court below, and from a study of the record from which the abstract was prepared. They have forgotten that we have no such advantage, but must decide the case as it is presented in the abstract. It would be a waste of time and labor to attempt a discussion of other points than those above decided; all we could accomplish would be to demonstrate the want of intelligibility of the abstract.